**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Juan LEON-CORDOVA, Defendant-Appellant.**

**No. 15-50527**

United States Court of Appeals, Ninth Circuit.

Submitted February 14, 2017 *

Filed February 22, 2017

Nicole Ries Fox, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, P. Kevin Mokhtari, Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Gene Vorobyov, Attorney, Law Office of Gene Vorobyov, San Francisco, CA, for Defendant-Appellant

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Juan Leon-Cordova appeals from the district court's judgment and challenges the 60-month sentence following his jury-trial conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Leon-Cordova contends that the district court erred by enhancing his sentence under section § 1326(b). Specifically, he argues that *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which permits an enhancement based on the existence of a prior felony, is invalid under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Leon-Cordova acknowledges, this argument is foreclosed. *See United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000) (*Apprendi* "unmistakably carved out an exception for 'prior convictions' that specifically preserved the holding of *Almendarez-Torres*"); *see also Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 2160 n.1, 186 L.Ed.2d 314 (2013) (declining to revisit *Almendarez-Torres*).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.